IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LINDA K. HEISTAN,**                                            08-CV-6021-BR

       Plaintiff,                                     OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

       Defendant.


**DREW L. JOHNSON**
Drew L. Johnson, P.C.
1700 Valley River Dr.
Eugene, OR  97405
(541) 434-6366

**KATHRYN TASSINARI**
Harder Wells Baron & Manning, P.C.
474 Willamette St., Ste. 200
Eugene, OR  97405
(541) 431-7080

    Attorneys for Plaintiff


1 - OPINION AND ORDER

**KARIN J. IMMERGUT**
United States Attorney
**BRITTANIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1053

**DAVID MORADO**
Office of the General Counsel
**DAPHNE BANAY**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2212

    Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Linda K. Heistan seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

    Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's final decision.

## ADMINISTRATIVE HISTORY

    Plaintiff filed her applications for DIB and SSI on

2 - OPINION AND ORDER

August 1, 2003, alleging an onset date of October 15, 2001. Tr. 44-46, 280-82.[1] The applications were denied initially and on reconsideration. Tr. 22-26, 29-31, 283-92. An Administrative Law Judge (ALJ) held a hearing on February 26, 2006. Tr. 13. At the hearing, Plaintiff was represented by an attorney. Tr. 13. Plaintiff and a vocational expert (VE) testified at the hearing. Tr. 13.

The ALJ issued a decision on September 27, 2006, in which he found Plaintiff was not entitled to benefits. Tr. 19. That decision became the final decision of the Commissioner on November 23, 2007, when the Appeals Council denied Plaintiff's request for review. Tr. 5-8.

## BACKGROUND

Plaintiff was 53 years old at the time of the hearing. Tr. 298. She has a high-school education. Plaintiff has previously worked as a sales cashier, deli worker, casino cashier, hospital and motel housekeeper, and gas-station cashier.

Except when noted below, Plaintiff does not challenge the ALJ's summary of the medical evidence. After reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 16-17.

---

[1] Citations to the official transcript of record filed by the Commissioner on June 10, 2008, are referred to as "Tr."

3 - OPINION AND ORDER

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

In Step One, if the Commissioner determines the claimant is engaged in substantial gainful activity, the claimant is not disabled.  *Yuckert*, 482 U.S. at 140.  *See also* 20 C.F.R. §§ 404.1520(b), 416.920(b).

In Step Two, if the Commissioner determines the claimant does not have any "medically severe impairment or combination of impairments," the claimant is not disabled.  *Yuckert*, 482 U.S. at 140-41.  *See also* 20 C.F.R. §§ 404.1520(c), 416.920(c).

In Step Three, the claimant is presumed conclusively to be disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments).

If the adjudication proceeds beyond Step Three, the ALJ must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). *See also* Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work that he has done in the past. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, the Commissioner must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant

number of jobs exist in the national economy that claimant can do.  *Yuckert*, 482 U.S. at 141-42.  *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date.  Tr. 15.

At Step Two, the ALJ found Plaintiff has the severe impairments of diabetic polyneuropathy, morbid obesity, and lumbar degenerative disc disease.  Tr. 15.  The ALJ also found Plaintiff has the nonsevere impairments of depression, anxiety, and liver disease.  Tr. 15.

At Step Three, the ALJ found Plaintiff does not have an impairment or a combination of impairments that meets or equals a Listing.  The ALJ assessed Plaintiff's RFC and found she can walk, stand, or sit for six hours in an eight-hour workday, but she must be able to alternate between sitting and standing positions at will; can lift 10 pounds frequently; and can lift 20 pounds occasionally.

At Step Four, the ALJ found Plaintiff is unable to perform her past relevant work.  Tr. 17.

At Step Five, the ALJ found Plaintiff is able to perform jobs that exist in significant numbers in the national economy. Tr. 18. The ALJ identified three examples of such work drawn from the testimony of the VE:  parking-lot cashier, electronics worker, and small-products assembler  Tr. 18.  Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 19.

## DISCUSSION

Plaintiff contends the ALJ erred when he rejected Plaintiff's testimony and rejected the opinion of Plaintiff's treating physician, John E. Bohlman, M.D.  Plaintiff contends the ALJ improperly omitted Plaintiff's limitations from the hypothetical posed to the VE at Step Five as a result.

**I.    The ALJ did not err when he found Plaintiff's testimony was not entirely credible.**

Plaintiff contends the ALJ improperly found Plaintiff's testimony was not entirely credible.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403 (9th Cir.

8 - OPINION AND ORDER

1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

Here the ALJ determined Plaintiff has the severe impairments of diabetic polyneuropathy, morbid obesity, and lumbar degenerative disc disease.  Tr. 15.  The ALJ also found Plaintiff has the nonsevere impairments of depression, anxiety, and liver disease.  Tr. 15.  In addition, x-rays on July 23, 2001, and July 2, 2002, as well as an MRI in December 2004 show Plaintiff has degenerative disc disease.  Tr. 205, 207, 242.  Accordingly, Plaintiff has satisfied the first part of the *Cotton* test.  Because the ALJ did not determine Plaintiff is malingering, the ALJ must provide clear and convincing reasons for rejecting Plaintiff's subjective pain testimony.  *Lester*, 81 F.3d at 834.

Plaintiff testified she does her own shopping and can lift ten-pound grocery bags, but she only shops once each month. Tr. 311. She also does her own cooking, but she "eats a lot of sandwiches." Tr. 305, 312. Plaintiff stated she suffers from constant pain in her lower back, which also "starts burning" when she sits longer than 20 minutes. Tr. 307-09. Because of the pain, Plaintiff cannot sit through a one-hour church service, she can only walk one block before her legs become weak and numb, and her right leg "goes numb" if she stands for more than 15 minutes. Tr. 307-09, 312. Plaintiff stated she spends most of each day in bed watching television. Tr. 309.

The ALJ found Plaintiff's testimony as to the intensity, persistence, and limiting effects of her symptoms was not entirely credible because, among other things, her testimony was not consistent with the medical record. Tr. 17. In making a credibility determination, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r*, 533 F.3d 1155, 1160 (9th Cir. 2008). Here the record reflects Roxanne S. Donovan, M.D., a treating physician, noted on August 29, 2002, that Plaintiff had normal strength, sensation, and reflexes. Tr. 180. Treating physician John A. French, M.D., noted on September 16, 2002, that Plaintiff had low pain behaviors, good strength in both lower extremities, and symmetric reflexes with no muscle

10 - OPINION AND ORDER

spasms and no sensory loss.  Tr. 179.  In an x-ray report dated August 20, 2003, Jacob J. Tom, M.D., noted Plaintiff has normal vertebral body, disk heights, facet and sacroiliac joints, and lumbar spine alignment with no significant degenerative osteophyte formation.  Tr. 217.  In addition, Robert J. Tilley, M.D., examined Plaintiff on August 27, 2003, at the request of Disability Determination Services (DDS).[2]  Tr. 213-17.  Dr. Tilley opined Plaintiff's low-back discomfort was mainly caused by her poor conditioning and obesity rather than a specific injury.  Tr. 215.  Dr. Tilley found Plaintiff can carry weight from overhead to waist level; engage in fine and gross manipulation; sit for one hour at a time or up to five hours with breaks to stretch; walk for up to 30 minutes; climb two flights of stairs; should not use ladders; and has limitations in crawling, kneeling, and walking on uneven terrain because of her obesity.  Tr. 216.  Finally, J. Scott Pritchard, M.D., completed an RFC of Plaintiff on October 21, 2003, at the request of DDS in which he found Plaintiff can lift 20 pounds occasionally and 10 pounds frequently; can sit, stand, or walk for six hours in an eight-hour workday; can perform unlimited pushing and pulling;

---

[2] Disability Determination Services (DDS) is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

11 - OPINION AND ORDER

can occasionally climb, balance, or kneel; and can frequently balance, crouch, and crawl.  Tr. 234-38.

On this record, the Court concludes the ALJ did not err when he found Plaintiff's testimony was not entirely credible because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**II. The ALJ did not err when he rejected Dr. Bohlman's opinion.**

Plaintiff contends the ALJ erred when he rejected the opinion of Dr. Bohlman, a treating physician, as to Plaintiff's limitations.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester*, 81 F.3d at 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial

evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Id.* at 600.

Dr. Bohlman treated Plaintiff from March 5, 2001, to December 2, 2004. Tr. 184-212, 239-55. In a February 8, 2006, letter written at the request of Plaintiff's attorney, Dr. Bohlman stated he "thought [Plaintiff's] severe leg and back pain precluded employment at the time he last saw her" on December 7, 2004. Tr. 256.

The ALJ accorded Dr. Bohlman's opinion little weight on the ground that his opinion was inconsistent with his treatment records. Tr. 17. The record reflects Dr. Bohlman treated Plaintiff for only moderate lower-back pain. For example, on June 14, 2001, Dr. Bohlman noted slight tenderness over Plaintiff's left mid-sacroiliac joint and L5 area, but no sciatic notch tenderness. Tr. 196. On June 21, 2001, Plaintiff reported her back pain was slightly improved although she still experienced some discomfort with extended periods of standing.

13 - OPINION AND ORDER

Tr. 195. Dr. Bohlman noted only minimal tenderness and urged her to use Alleve and ibuprofen for pain. Tr. 195. On July 23, 2001, Dr. Bohlman diagnosed Plaintiff with low-back pain and radiation down her right leg in an L3-4 distribution, and he prescribed Medrol to control inflammation. Tr. 194. Plaintiff reported on August 23, 2001, that her pain had diminished without any significant radiation although it was still exacerbated by movement. Tr. 193. Plaintiff again reported significant improvement in back pain to Dr. Bohlman on October 18, 2001. Tr. 192. On July 1, 2002, Dr. Bohlman referred Plaintiff to a chiropractor for physical therapy. Tr. 191. Dr. Bohlman prescribed Bextra, another anti-inflammatory drug, on September 10, 2003. Tr. 187. By May 13, 2003, Plaintiff's degenerative disc disease was not listed as a major problem, and she did not report any negative musculoskeletal symptoms. Tr. 185. In addition, an x-ray ordered by Dr. Bohlman on July 23, 2001 shows minimal degenerative osteoarthritis in Plaintiff's sacroiliac joints, moderate degenerative osteoarthritis in her facet joints from L3-4 through L5-S1, and minimal focal degenerative disc disease present at L5-S1 and T12-L1. Tr. 205. A second x-ray report ordered by Dr. Bohlman and dated July 2, 2002, shows a stable lumbar spine with degenerative disc disease at T12-L1 and L2 and mild sclerosis of the facet joints at L4-5 and L5-S1. Tr. 207.

The ALJ also rejected Dr. Bohlman's opinion on the ground that he did not cite a medical basis to support his opinion. Tr. 17.  "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately support by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Dr. Bohlman's opinion as to Plaintiff's disability is brief and, as noted, inconsistent with his own records.  In addition, it is inconsistent with the medical evidence as a whole.  For example, on August 8, 2002, Dr. French noted Plaintiff's degenerative disc disease appeared no worse on her July 2, 2002, x-rays than it did on her earlier July 23, 2001, x-rays.  Tr. 182.  He noted Plaintiff displayed low pain behaviors, symmetric reflexes, and good strength in both lower extremities with no muscle spasms or sensory loss on September 16, 2002.  On October 14, 2002, Dr. French reported Plaintiff's lumbar strain was resolved. Tr. 178.  On August 9, 2002, Dr. Donovan reported Plaintiff showed normal strength, sensation, and reflexes.  Tr. 180.  An August 20, 2003, x-ray report indicates normal vertebral body, disk heights, lumbar spine alignment, and facet and sacroiliac joints with no significant degenerative osteophyte formation and mild facet arthritis at L4-5.  Tr. 217.  As noted, on August 27, 2003, Dr. Tilley examined Plaintiff at the request of DDS.

Tr. 213-17.  Dr. Tilley noted diffuse tenderness in Plaintiff's paraspinous muscles, slightly reduced range of motion in Plaintiff's lumbosacral spine on right lateral bend, and decreased pinprick sensation in Plaintiff's right anterior thigh.  Tr. 214.  He opined Plaintiff's low-back discomfort was mainly because of her poor conditioning and obesity rather than from a specific injury.  He also noted Plaintiff was not using any antalgic or protective maneuvers to protect her back.  Tr. 215.  Dr. Tilley assessed Plaintiff's RFC and found she can carry weight from overhead to waist level; engage in fine and gross manipulation; sit for one hour at a time or up to five hours with breaks to stretch; walk up to 30 minutes; climb two flights of stairs; should not use ladders; and has limitations in crawling, kneeling, and walking on uneven terrain because of her obesity.  Tr. 216.  In addition, as noted, Dr. Pritchard, a reviewing physician, completed an RFC assessment of Plaintiff in which he found Plaintiff can lift 20 pounds occasionally and 10 pounds frequently; can sit, stand, or walk for six hours in an eight-hour workday; can perform unlimited pushing and pulling; can occasionally climb, balance, or kneel; and can frequently balance, crouch, and crawl.  Tr. 234-38.

      On this record, therefore, the Court concludes the ALJ did not err when he rejected Dr. Bohlman's opinion of Plaintiff's limitations because the ALJ provided legally sufficient reasons

supported by the record for doing so.  Accordingly, these limitations were properly omitted from the hypothetical that the ALJ posed to the VE.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 23rd day of January, 2009.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER